UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY PARISI,

    Plaintiff,

    v.

VILLAGE OF DEERFIELD, *et al.*,

    Defendants.

No. 08 C 527
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff Anthony Parisi is a police officer employed by the Village of Deerfield. He began working there in 1994. Plaintiff alleges that in August, 2006, the Chief of Police, Defendant John Sliozis, gave him written orders that (1) assigned Plaintiff to administrative leave with pay; (2) suspended Plaintiff's police powers; (3) forbade Plaintiff to enter the premises of the Deerfield Police Department; (4) ordered Plaintiff to report to Defendant Eric Ostrov (a psychologist) for a fitness of duty examination; and (5) instructed Plaintiff to cooperate with Dr. Ostrov in completing the examination. Plaintiff further alleges that he was given no reasons for these actions, even after requesting reasons.

Plaintiff did, in fact, meet with Dr. Ostrov on August 18, 2006. Plaintiff asserts that Dr. Ostrov refused to provide him with a copy of his report. Plaintiff goes on to allege that on October 13, 2006, he met with Defendant Sliozis, who informed him that he had been found to be unfit for duty. He further alleges that Defendant Sliozis presented him with three choices: (1) termination; (2) resignation; (3) or counseling. After Mr. Parisi agreed to seek counseling, he alleges that Chief Sliozis informed him that he was being placed on administrative leave without

pay until he completed counseling and was found to be fit for duty. Plaintiff alleges that his request for a copy of Dr. Ostrov's report was again denied.

In order to comply with his agreement to seek counseling, Plaintiff consulted a psychologist named Mark Goldstein. Plaintiff alleges that despite repeated requests, none of the Defendants provided Dr. Goldstein with a copy of Dr. Ostrov's report for approximately two months. Plaintiff asserts that Dr. Goldstein, and then another psychologist, Kenneth Kessler, found Plaintiff to be fit for duty. After a second evaluation by Dr. Ostrov, Mr. Parisi was returned to active duty on January 23, 3007.

Plaintiff filed a two-count complaint. Count II alleges a violation of due process. Count II alleges a violation of the Illinois Municipal Code. Defendants have filed two separate motions to dismiss Plaintiff's complaint. The Village, Sliozis and Franz filed one motion, arguing that Plaintiff has adequate state law remedies. Defendant Ostrov filed a separate motion, arguing that Plaintiff has failed to state a cause of action for civil conspiracy.

## II. DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may grant the motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). That said, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). As the Seventh Circuit noted, "it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually suggest that the plaintiff has a right to relief." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (emphasis in original). While the Supreme Court's recent decision in *Bell Atlantic* may not have changed the federal pleading standard to a fact-pleading regime, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 668 (7th Cir. 2007).

      B.     *The Village, Sliozis, and Franz's Motion to Dismiss*

To state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). The relevant constitutional question, however, is "whether sufficient state-law protections *exist*, not whether sufficient protections were *afforded*." *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Therefore, "[a] complaint does not state a valid procedural due process objection . . . if it does not include a challenge to the fundamental fairness of the state procedures." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (*quoting Daniels v. Williams*, 474 U.S. 327, 339 (1986) (Stevens, J., concurring)). Defendants do not dispute the fact that Mr. Parisi's

employment with the Village was a protected interest. The issue here, therefore, concerns the procedural protections he was due.

Plaintiff acknowledges, by including the second count of his complaint, that there are state law remedies available to him. Specifically, Plaintiff argues that "Defendants' decision to remove Plaintiff from his position as a police officer by placing him on involuntary medical leave was without cause and in violation of the specific requirements of the Illinois Municipal Code." Plaintiff's Complaint, ¶ 35.

The due-process claim Plaintiff raises here is a challenge to the "random and unauthorized" actions of the state officials in question, i.e., to their unforeseeable misconduct in failing to follow the requirements of existing law. *See Strasburger v. Bd. of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir. 1998) (*citing Parratt v. Taylor*, 451 U.S. 527, 540 (1981)); *see also Easter House v. Felder*, 910 F.2d 1387, 1396-98 (7th Cir. 1990) (en banc). Because such misconduct is inherently unpredictable, the state's obligation under the Due Process Clause is to provide sufficient remedies after its occurrence, rather than to prevent it from happening. *See Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996) ("Where state law remedies [to random and unauthorized conduct] exist, a plaintiff must either avail herself of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate."). Accordingly, Parisi's claim can stand only if he establishes that Illinois law provides insufficient remedies for the violation he alleges.

Judge Darrah faced a similar set of circumstances in *Anderson v. Bd. Of Educ. Of the City of Chicago*, 2004 WL 1157824, No. 03 C 7871 (N.D. Ill. May 21, 2004). In *Anderson*, two tenured teachers brought a § 1983 action, alleging that board of education and its officials

4

violated their due process rights by placing them on unpaid medical leave without a pre-deprivation hearing. 2004 WL 1157824, at *1. Judge Darrah dismissed the plaintiff's § 1983 claims because there were suitable post-deprivation remedies. *Id.* at 4. Specifically, the court pointed to the availability of a writ of certiorari or mandamus. *Id.* Judge Darrah concluded that because of the existence of those remedies, the plaintiff was unable to state § 1983 for a violation of due process. *Id.* (*citing Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir.2003) and *Easter House*, 910 F.2d at 1400-04). The facts here are analogous to the facts in *Anderson*. Because Mr. Parisi is unable to demonstrate the inadequacy of the state law remedies, then like the *Anderson* plaintiffs, he cannot state a claim under § 1983.

Plaintiff attempts to argue that the Supreme Court commanded a different result when it decided *Zinermon v. Burch*, 494 U.S. 113 (1990). However in *Zinermon*, the Court explicitly held that when a § 1983 action is brought for a violation of procedural due process, "the existence of state remedies is relevant in a special sense." 494 U.S. at 125. The Court went on to state that "to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Id*. Accordingly, *Zinermon* not only does not help Plaintiff, it actually counsels in favor of the dismissal of this complaint.

The Seventh Circuit reaffirmed this principle just last month. *See Michalowicz*, 528 F.3d at 530. In that case, a village fire inspector who lost his job brought a § 1983 action against his former employer, alleging that he was deprived of his due process rights in the course of his

5

termination. *Id.* at 532-33. The court affirmed the district court's dismissal of the plaintiff's claim because it found that state law "provide[d] adequate remedies for the procedural violations" the plaintiff alleged. 528 F.3d at 538.

Because Plaintiff fails to demonstrate that the available state law remedies are inadequate, Defendants' motion to dismiss his complaint is granted.

  C.  *Dr. Ostrov's Motion to Dismiss*

Plaintiff's complaint against Dr. Ostrov is dismissed without prejudice because he fails to plead his fraud claims with sufficient particularity.

The Seventh Circuit teaches that "in order to prevail on a § 1983 claim, the claimant must allege '(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon [him] by a person or persons acting under color of state law.'" *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007) (*quoting Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Dr. Ostrov—a private citizen—did not act "under the color of law."

Nevertheless, Plaintiff may still establish liability against Dr. Ostrov under § 1983 through a conspiracy theory. To do so, Plaintiff must demonstrate that "(1) a state official and [Dr. Ostrov] reached an understanding to deprive the plaintiff of his constitutional rights; and (2) [Dr. Ostrov was a] willful participant[] in joint activity with the State or its agents." *Reynolds*, 488 F.3d at 764 (*quoting Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003)).

Plaintiff points to two things Dr. Ostrov did. He says that Dr. Ostrov concluded that Plaintiff was unfit to perform his duties as a police officer and that he refused to provide Plaintiff

6

with a copy of his report. I believe that the first of these, if properly alleged, could state a cause of action for conspiracy pursuant to § 1983.

The only way Plaintiff could properly allege that Dr. Ostrov was part of the conspiracy is if he alleges that Dr. Ostrov fraudulently generated a report saying that Plaintiff was unfit for duty. If Dr. Ostrov generated the report in good faith, then Plaintiff cannot say that there was a concerted effort between Dr. Ostrov and the Village officials to deprive Mr. Parisi of his constitutional rights. If Plaintiff alleges that Dr. Ostrov actually believed that Plaintiff was fit for duty, but that he nevertheless concocted a report stating that he was unfit, this would be sufficient to state a § 1983 claim and survive a motion to dismiss.

Because the only way Plaintiff can properly state a cause of action against Dr. Ostrov is by alleging that he fraudulently prepared the report, however, he must plead this claim with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ."); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A complaint alleging fraud must provide the who, what, when, where and how."). This heightened pleading requirement requires Mr. Parisi "to do more than the usual investigation before filing his complaint. Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual)." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (internal citations omitted).

Because Mr. Parisi's complaint is not pled with sufficient particularity to meet these heightened requirements, I am dismissing his complaint as to Dr. Oslov. However, I am doing so

without prejudice and giving Plaintiff leave to file an amended complaint within twenty-one (21) days.

## III. CONCLUSION

For the aforementioned reasons, the Village and Defendant Sliozis and Franz's motion to dismiss is granted. Defendant Ostrov's motion to dismiss is also granted, but Plaintiff is granted leave to replead as against Dr. Ostrov within twenty-one (21) days.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: July 9, 2008